# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John K.,**
**Petitioner Below, Petitioner**

**FILED**

May 29, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 14-0989** (Fayette County 13-C-230)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner John K.,[1] appearing *pro se*, appeals the order of the Circuit Court of Fayette County, entered September 9, 2014, denying his instant petition for writ of habeas corpus. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Shannon Frederick Kiser, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 10, 2007, the Grand Jury of Fayette County indicted petitioner in a fourteen count indictment alleging sexual misconduct with regard to the minor A.H. for offenses allegedly occurring between October and November of 1992,[2] with regard to the minor D.B. for offenses allegedly occurring between 1999 and 2002, with regard to the minor A.S. for offenses allegedly occurring between 2005 and 2006, and with regard to the minor S.S. for offenses allegedly occurring between 2005 and 2006. By an order entered February 21, 2007, the Circuit Court of Fayette County dismissed one of the counts involving S.S., granted petitioner's motion to sever the counts of the indictment, and directed the State to elect which counts of the indictment it wanted to try first.

The State elected to first proceed on the remaining counts involving A.S. and S.S., and

---

[1] Consistent with our practice in cases involving sensitive facts, we use only petitioner's first name and last initial, and identify the minor victims only by their initials. *See State ex rel. W.Va. Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2] A.H. was an adult by the time of petitioner's indictment.

1

those counts were renumbered counts one through six for purposes of petitioner's trial. The State also filed a notice of intent to present testimony from A.H., D.B., and Regina Bragg[3] pursuant to Rule 404(b) of the West Virginia Rules of Evidence. Petitioner filed a motion to determine the competency of D.B., A.S., and S.S. to testify at trial. D.B. was fourteen years old at the time and had an I.Q. of 56, while A.S. and S.S. were nine and six years old.

On March 9, 2007, the circuit court held a hearing on the State's 404(b) notice and petitioner's motion to determine competency. The circuit court first found that pursuant to Syllabus Points 1 and 2 of *State v. McGinnis*, 193 W.Va. 147, 151, 455 S.E.2d 516, 520 (1994), "[the] conduct described by Ms. Bragg and [A.H.] was too remote in time to the crimes charged in the indictment to be admissible at trial." However, the circuit court further determined that D.B. could testify at trial pursuant to Rule 404(b) "as to prior bad acts of the [p]etitioner toward her when [D.B.] was nine (9) years old." Last, the circuit court denied the motion to determine competency finding that defense counsel's concerns as to the credibility of the minor witnesses could be addressed through cross examination.

Petitioner's trial occurred on March 14, 2007. A.S. testified that she knew petitioner as "Eddie" and that her grandmother had married him. A.S. testified that petitioner touched her in the "private" with his hand after he removed her clothes in his bedroom in the house he shared with her grandmother. However, on cross-examination, A.S. admitted that she told a lady at the child advocacy center that the touching had been on the outside of her clothing.

The trial transcript reflects that S.S. was too frightened to identify the person who licked her in the area "where you use the bathroom at," but indicated that the person was married to her grandmother. On cross-examination, S.S. indicated that the misconduct occurred in petitioner's bedroom in the house he shared with her grandmother. S.S. further testified that she did not remember telling her other grandmother, Angela Skaggs, about this incident. However, Ms. Skaggs testified that S.S. had disclosed to her that the incident occurred at the playground, and not petitioner's bedroom.

The State presented 404(b) testimony from D.B. that petitioner had sexual intercourse with her twice in his bedroom, but she could not recall when. Immediately following D.B.'s testimony, the circuit court gave the jury an instruction as to the limited purpose they could consider the testimony.[4] The State also presented the testimony of Sharon L. Istran, M.D., who stated that A.S.'s hymen was torn.

At the close of the State's case-in-chief, petitioner made a motion for judgment of acquittal. The circuit court granted the motion, in part, and denied it, in part, dismissing counts

---

[3] The record indicates that like A.H., Ms. Bragg would have offered testimony to show that petitioner had a lustful disposition toward children.

[4] Pursuant to Syllabus Point 2 of *State v. Edward Charles L.*, 183 W.Va. 641, 643, 398 S.E.2d 123, 125 (1990), evidence of prior bad acts is admissible for the purpose of showing the defendant's lustful disposition toward children.

three and four regarding alleged misconduct against S.S. Following the close of all evidence, the jury heard the parties' closing arguments and were charged by the circuit court, which then repeated the limiting instruction with regard to Rule 404(b) evidence.

The jury subsequently returned a verdict finding petitioner guilty of sexual abuse in the first degree involving A.S. in violation of West Virginia Code § 61-8B-7(a)(3), guilty of sexual abuse by a parent, guardian, or custodian involving A.S. in violation of West Virginia Code § 61-8D-5(a), guilty of sexual assault in the first degree involving S.S. in violation of West Virginia Code § 61-8B-3,[5] and guilty of sexual abuse by a parent, guardian, or custodian involving S.S. in violation of West Virginia Code § 61-8D-5(a). For petitioner's convictions, the circuit court sentenced him to an aggregate term of thirty-six to eighty years in prison.[6]

In his direct appeal, petitioner raised two issues: (1) whether the circuit court's refusal to determine the competency of the child witnesses to testify—i.e., whether the probative value of their testimony was not substantially outweighed by the danger of unfair prejudice—denied petitioner due process of law under the United States and West Virginia Constitutions; and (2) whether the prosecutor's improper closing argument to the jury, in which the prosecutor expressed his personal opinion, denied petitioner a fair trial and due process of law under the United States and West Virginia Constitutions. This Court refused to hear petitioner's appeal by an order entered on February 13, 2008.

In his first habeas corpus proceeding, petitioner raised five issues: (1) whether petitioner's constitutional right to be present at every critical stage of the criminal proceedings against him was violated when petitioner could not remember being present for jury selection; (2) whether petitioner's due process rights were violated when the jury was not fully instructed on the law regarding uncorroborated testimony; (3) whether petitioner was unlawfully convicted of sexual assault in the first degree when petitioner alleged that the word "penalty" did not appear in the title of that act of the legislature; (4) whether the prosecutor knowingly used false testimony regarding the victims S.S. and A.S. at trial; and (5) whether trial counsel provided effective assistance. The circuit court denied petitioner's first habeas petition on March 18, 2010, without a hearing, noting that "[t]he undersigned [j]udge presided over the criminal trial of the [p]etitioner." By an order entered on June 22, 2010, this Court refused petitioner's appeal from the denial of habeas relief.

On September 11, 2013, petitioner filed the instant petition for writ of habeas corpus

---

[5] We note that a person can violate West Virginia Code § 61-8B-3 by engaging in either "sexual intercourse" or "sexual intrusion." *See State v. Lola Mae C.*, 185 W.Va. 452, 455, 408 S.E.2d 31, 34 (1991) (quoting W.Va. Code § 61-8B-3). The term "sexual intercourse" includes oral sex pursuant to West Virginia Code § 61-8B-1(8).

[6] When sentencing petitioner, the circuit court considered that petitioner had a prior conviction for rape. Also, subsequent to sentencing, the circuit court dismissed the remaining counts of the indictment on the State's motion, in which it stated that judicial economy would not be served in pursuing those counts and that the victims involved in those counts were satisfied that substantial justice had been accomplished.

raising two grounds for relief: (1) the circuit court improperly allowed D.B.'s testimony at trial pursuant to Rule 404(b); and (2) the State failed to prove beyond a reasonable doubt the following essential elements of the crimes charged: (a) that petitioner was not married to A.S. or S.S.; and (b) that petitioner committed the alleged conduct to gratify his sexual desire. First, the circuit court determined that it allowed D.B.'s testimony at trial only after it complied with Rule 404(b) and *McGinnis*; that D.B.'s testimony was pertinent to showing that petitioner had a lustful disposition toward children pursuant to Syllabus Point 2 of *State v. Edward Charles L.*, 183 W.Va. 641, 643, 398 S.E.2d 123, 125 (1990); that the probative value of D.B.'s testimony substantially outweighed the danger of unfair prejudice to petitioner; and that the circuit court give appropriate instructions as to the limited purpose the jury could consider D.B.'s testimony. Second, the circuit court found that while there was no explicit testimony that petitioner was not married to A.S. or S.S., "[s]ufficient evidence clearly existed for the jury to determine that the [p]etitioner was not married to the minor victims" and that A.S.'s and S.S.'s testimony that petitioner performed sex acts on them established "beyond a reasonable doubt that the [p]etitioner engaged in said conduct for his personal sexual gratification." Accordingly, the circuit court denied the instant petition.[7]

Petitioner now appeals the circuit court's September 9, 2014, order denying his second habeas petition. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006).

<u>Circuit court did not abuse its discretion in denying
petitioner's claim that 404(b) evidence was improperly admitted at trial.</u>

Petitioner asserts that D.B.'s testimony about alleged incidents occurring between 1999 and 2002 was improperly admitted at trial pursuant to Rule 404(b). Respondent warden counters that the testimony was properly admitted. We note that in denying this ground for relief, the circuit court determined that it allowed D.B.'s testimony at trial in compliance with Rule 404(b) and *McGinnis* and that D.B.'s testimony was pertinent to showing that petitioner had a lustful disposition toward children pursuant to Syllabus Point 2 of *Edward Charles L.* However, petitioner contends that Syllabus Point 2 of *Edward Charles L.* required that the incidents described by D.B. be reasonably close in time to the alleged incidents involving A.S. and S.S. in order to be admissible. Because the misconduct involving D.B. was alleged to have ceased by 2002, petitioner asserts that those alleged incidents were not close in time to the incidents involving A.S. and S.S., which occurred between 2005 and 2006. We note that in rejecting

---

[7] The same judge who presided at trial and denied the first petition also denied the instant petition.

petitioner's contention, the circuit court relied on our decision in *Cox v. Ballard*, No. 13-0770, 2014 WL 1672940 (W.Va. Supreme Court, April 25, 2014) (memorandum decision), in which we found that it was not reversible error to admit a sixteen-year-old conviction as 404(b) evidence.

In *Cox*, we reiterated the following principle:

Whether evidence offered is too remote to be admissible upon the trial of a case is for the trial court to decide in the exercise of a sound discretion; and its action in excluding or admitting the evidence will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion.

*Id.* at *3 (quoting Syl. Pt. 6, *State v. Winebarger*, 217 W.Va. 117, 120, 617 S.E.2d 467, 470 (2005) (internal quotations and citations omitted)). We determined that despite the lapse of sixteen years, it did not constitute an abuse of discretion to admit evidence of the prior conviction pursuant to Rule 404(b) because of the similarity between the conduct on which the conviction was based and the conduct charged in *Cox. Id.* In the instant case, D.B., A.S., and S.S. all testified similarly at trial that petitioner's misconduct against them occurred in his bedroom. Furthermore, even using the maximum date range—between 1999 and 2006—the alleged incidents against all three minors occurred within seven years of each other. Therefore, we conclude that the circuit court did not abuse its discretion in admitting D.B.'s testimony as Rule 404(b) evidence.[8]

<u>Circuit Court did not err in determining
sufficient evidence existed to allow the jury to find essential elements of crimes charged.</u>

Petitioner challenges the circuit court's determination that sufficient evidence existed to allow the jury to find the essential elements of the crimes charged. Respondent warden counters that the circuit court correctly determined that the evidence adduced at trial allowed the jury to find, beyond a reasonable doubt, that petitioner was not married to A.S. or S.S. and that petitioner committed the alleged condut to gratify his sexual desire. We agree with respondent warden.

First, it is not entirely clear whether petitioner is asserting that not being married to the

---

[8] In contending that D.B.'s testimony was not admissible pursuant to Rule 404(b), petitioner repeatedly refers to the testimony as not credible, but does not directly challenge the circuit court's ruling that D.B. was competent to testify. "Every person is competent to be a witness except as otherwise provided for by these rules." W.V.R.E. 601. We agree with the circuit court that if there were questions as to D.B.'s credibility, defense counsel had the opportunity to raise those concerns on cross-examination. Despite not including that portion of the trial transcript in the appendix record, petitioner alleges that counsel was denied the opportunity to question D.B. about prior false accusations of sexual activity. Petitioner appears to be raising a "rape shield" issue that he neither fully briefs nor supports with relevant portions of the transcript. Therefore, we decline to address that issue. *See State v. LaRock,* 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal.").

victim was an essential element of every offense of which he was convicted or solely with regard to sexual assault in the first degree. Respondent warden counters that assuming *arguendo* that it is a required element of every offense,[9] the evidence at trial allowed the jury to find that petitioner was married to neither A.S. nor S.S. We note that the minors' testimony is in the appendix record. Both indicated that petitioner was married to and living with their grandmother at the time of the offenses.[10] Therefore, we agree with respondent warden that sufficient evidence existed to make whether petitioner was "not married to" the victims a question for the jury which resolved the matter in the State's favor.

Second, we reject petitioner's contention that the evidence adduced at trial did not allow the jury to find, beyond a reasonable doubt, that petitioner committed the alleged conduct to gratify his sexual desire.[11] As noted by the circuit court, both A.S. and S.S. testified that petitioner committed sexual acts on them. In addition, respondent warden notes that the State's purpose in presenting D.B.'s testimony was to persuade the jury that petitioner had a lustful disposition toward children. A person having such a disposition who commits a sex act on a child does so to gratify his sexual desire. Therefore, we determine that the evidence at trial also allowed the jury to find that petitioner committed acts for his personal sexual gratification. Accordingly, we conclude that the circuit court did not abuse its discretion in denying the habeas petition.[12]

For the foregoing reasons, we find no error in the decision of the Circuit Court of Fayette

---

[9] West Virginia Code §61-8B-3(a)(2) provides that it is an element of first degree sexual assault that the perpetrator be "not married to" the victim. However, both West Virginia Code § 61-8B-7—setting forth the offense of first degree sexual abuse—and West Virginia Code § 61-8D-5—setting forth the offense of sexual abuse by a parent, guardian, or custodian—omit the phrase "not married to." Thus, determining whether being "not married to" the victim is an essential element of the latter two offenses would require reference to the definitions for "sexual contact," "sexual intercourse," and "sexual intrusion" set forth in West Virginia Code §§ 61-8B-1(6), (7), and (8).

[10] For purposes of chapter 61, article 8B of the West Virginia Code, West Virginia Code § 61-8B-1(2) provides that the term "married" includes "persons living together as husband and wife regardless of the legal status of their relationship."

[11] We note that the definitions of "sexual contact" and "sexual intrusion" both require that the acts committed must be done for the purpose of "gratifying the sexual desire of either party." W.Va. Code §§ 61-8B-1(6) and (8). In contrast, the definition of "sexual intercourse" omits that language. *See* W.Va. Code § 61-8B-1(7).

[12] Despite the fact that petitioner did not raise the issue in his habeas petition, the parties engage in an argument as to whether digital penetration comes within the definition of "sexual intrusion." *See* W.Va. Code § 61-8B-1(8). "This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance." Syl. Pt. 2, *Sands v. Security Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733, 734 (1958). Therefore, we decline to address this issue.

County and affirm its September 9, 2014, order denying petitioner's instant petition for writ of habeas corpus.

Affirmed.

**ISSUED:** May 29, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

7